UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
UN4 PRODUCTIONS, INC.,

                Plaintiffs,

          -against-

DOE—74.88.64.129,    DOE—74.88.65.117,
DOE—74.88.64.185, DOE—74.88.67.28,
DOE—68.193.187.232, DOE—74.108.116.216,
DOE—72.89.142.43, DOE—184.153.117.83,
DOE—72.226.46.197, DOE—108.27.42.157,
DOE—69.119.245.232, DOE—184.153.107.63,
DOE—69.122.163.72, DOE—74.88.67.156,
and DOE—74.88.67.166,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17 CV 4887 (WFK) (CLP)

**POLLAK**, United States Magistrate Judge:

      Plaintiff UN4 Productions, Inc. filed this action against the following BitTorrent users, who are presently known only with reference to their Internet Protocol ("IP") addresses: Doe-74.88.64.129, Doe-74.88.65.117, Doe-74.88.64.185, Doe-74.88.67.28, Doe-68.193.187.232, Doe-74.108.116.216, Doe-72.89.142.43, Doe-184.153.117.83, Doe-72.226.46.197, Doe-108.27.42.157, Doe-69.119.245.232, Doe-184.153.107.63, Doe-69.122.163.72, Doe-74.88.67.156, and Doe-74.88.67.166 (collectively, "defendants") asserting copyright infringement based on defendants' unauthorized use of plaintiff's copyrighted motion picture, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (See Compl.[1]).

---

[1] Citations to "Compl." refer to the Complaint filed on August 20, 2017, ECF No. 1.

On August 22, 2017, plaintiff filed a letter motion seeking leave to take discovery prior to a Rule 26(f) conference. (See Mot.[2] at 1). Specifically, plaintiff seeks permission to serve Rule 45 subpoenas on certain Internet Service Providers ("ISPs") that issued the IP addresses defendants are alleged to have used to infringe the copyrighted work so that plaintiff may determine the defendants' true identities. (See id.) Plaintiff also seeks an order under 47 U.S.C. § 551(c)(2)(B) authorizing the ISPs to release the requested identifying information. (Id.) Finally, plaintiff seeks to postpone any Rule 16 conference until after it determines the true identities of the Doe defendants. (Id.)

For the reasons set forth below, the motion to take discovery prior to the Rule 26(f) conference is granted.

## DISCUSSION

**A. Pre-Conference Discovery Standard**

Under Federal Rule of Civil Procedure 26(d)(1), a party is precluded from seeking discovery from any source prior to a Rule 26(f) conference. However, the Federal Rules provide that a party may engage in discovery before the Rule 26(f) conference if authorized by a court order. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts generally apply a "flexible standard of reasonableness and good cause." Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241

---

[2] Citations to "Mot." refer to plaintiff's Letter Motion for Leave to Take Discovery Prior to a Rule 26(f) conference, dated August 22, 2017, ECF No. 5.

(S.D.N.Y. 2012) (quoting Ayyash v. Bank AL-Madina, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005)).

In the context of a suit alleging infringement, the Second Circuit has identified the "principal factors" for district courts to consider when determining whether to allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 prior to holding a Rule 26(f) conference, including: (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the defendant's expectation of privacy. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (quoting Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004) (denying defendant's request to quash a Rule 45 subpoena because the district court found that plaintiff had satisfied the principal factors for obtaining expedited discovery)).

**B. Analysis**

1. Request to Serve Subpoenas Directed to ISPs

To make out a *prima facie* case of copyright infringement, a party must show "(1) ownership of a valid copyright in the item and (2) unauthorized copying." Int'l Swaps & Derivatives Ass'n, Inc. v. Socratek, L.L.C., 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003)).

Here, plaintiff alleges in its Complaint that it is the registered copyright owner of exclusive rights over the copyrighted work at issue, a motion picture titled *Boyka: Undisputed*

*IV*. (Compl. ¶¶ 5-6, 13-16). Plaintiff has provided the copyright registration number of the motion picture and attached a copy of the certificate of registration to the Complaint. (See Certificate of Copyright Registration, Compl., Ex. B). Plaintiff alleges that the defendants employed a peer-to-peer file sharing system known as BitTorrent to "download and distribute copies of the Subject Motion Picture" on multiple occasions. (See Compl. ¶¶ 7-8). Plaintiff further alleges that the defendants used BitTorrent "to search for, reproduce and distribute Infringing Copies of the Subject Motion Picture." (Id. ¶ 30). Plaintiff also attaches a table setting forth the date, time, IP address, and ISP relating to each Doe defendant. (Compl., Ex. A). That table indicates all of the IP addresses originated from New York (id.), and plaintiff alleges that, "to a reasonable degree of certainty," the alleged acts of infringement occurred within the Eastern District of New York. (Compl. ¶ 6).

Considering all these details, the Court finds that the Complaint sets forth sufficiently detailed allegations as to the nature and extent of defendants' infringing activities to make out a prima facie claim of copyright infringement. See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16 CV 02462, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (holding that plaintiff stated a *prima facie* claim of copyright infringement where the complaint "plainly set[] out the copyrighted works at issue and provide[d] comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the [Internet Protocol] address and technology used to effect the copying"); see also K Beech, Inc. v. Does 1-29, No. 11 CV 3331, 2011 WL 4401933, at *2 (E.D.N.Y. Sept. 19, 2011) (holding that plaintiff has not made a concrete showing of a prima facie claim of copyright infringement where registration for work at issue was only pending).

As to the specificity of the discovery request, plaintiff seeks to serve Rule 45 subpoenas directed to Charter Communications, Inc. a/k/a Time Warner Cable, Verizon, and Altice f/k/a Cablevision d/b/a Optimum Online, the ISPs the defendants used during the alleged period of infringing activity. (See Compl., Ex. A; Mot. at 2). Plaintiff states that it seeks a subpoena to obtain the true name, address, and email address of each subscriber associated with twelve IP addresses that were found through investigation to have conducted the allegedly infringing activity in question. (Compl., Ex. A). The Court finds this information to be "highly specific in nature" and not more information than necessary to identify and serve the defendants. See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *4 (holding that a subpoena seeking the name, current and permanent address, and e-mail address of each Doe defendant was not more information than necessary to serve the defendant).

The third factor also weighs in favor of the plaintiff. Courts have found that due to the anonymous nature of the BitTorrent system of reproducing and transferring copyrighted files, it is unlikely that plaintiffs would be able to determine the identity of a BitTorrent user "without cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919 at *3.

Moreover, without the ability to subpoena the internet service provider and without the ability to serve any defendants, this action would effectively be terminated. Courts also recognize that expedited discovery is necessary because ISPs routinely delete user information. Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012). Finally, although the plaintiff would be obtaining private information, courts have found that "ISP subscribers

5

have a minimal expectation of privacy in the sharing of copyrighted material." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919 at *3. This combination of factors indicates that plaintiff has shown good cause to expedite discovery by serving Rule 45 subpoenas on the ISPs prior to the Rule 26(f) conference.

    2. Authorizing ISPs to Disclose Subscriber Information

ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 552(5), are limited in the information they may share about their subscribers. Specifically, subject to certain exceptions, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]" 47 U.S.C. § 551(c)(1). One such exception is that a cable operator may disclose personally identifiable subscriber information where the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).

To comply with the requirements of 47 U.S.C. § 551(c)(2)(B), and to facilitate the expeditious resolution of this matter on the merits, the Court specifically authorizes the relevant ISPs to release the true name, address, and email address of each subscriber associated with the twelve IP addresses listed in Exhibit A of the Complaint. The ISPs shall notify each affected subscriber of this Order by providing each affected subscriber with a copy of this Order and the relevant subpoena issued by the plaintiff. To protect the subscribers' rights to privacy, the ISPs shall reveal only the true name, address, and e-mail address of each subscriber, and the plaintiff may only use the information disclosed in response to the subpoenas in the present action and not for further litigation against the defendants or other parties.

## CONCLUSION

After reviewing the plaintiff's submissions, the Court concludes that there exists good cause to permit discovery prior to the Rule 26(f) conference, and therefore grants plaintiff's motion. The plaintiff may issue Rule 45 subpoenas directed to: Charter Communications, Inc. a/k/a Time Warner Cable; Verizon; and Altice f/k/a Cablevision d/b/a Optimum Online. Such subpoenas shall be limited to requiring the production of the true name, address, and e-mail address for the subscriber associated with each of the twelve Internet Protocol ("IP") addresses set forth in Exhibit A to the Complaint filed on August 20, 2017.

In conformance with 47 U.S.C. § 551(c)(2)(B), this Order specifically authorizes the relevant ISPs to release the true name, address, and email address for each subscriber associated with the twelve IP addresses listed in Exhibit A of the Complaint. The ISPs shall notify each affected subscriber of this Order by providing each affected subscriber with a copy of this Order and the relevant subpoena issued by the plaintiff. To protect the subscribers' rights to privacy, the ISPs shall reveal only the true name, address, and e-mail address of each subscriber, and the plaintiff may only use the information disclosed in response to the subpoenas in the present action and not for further litigation against the defendants or other parties.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 18, 2017

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York